# NEW YORK SUPERIOR COURT.

## Stephen H. Bowles agt. Abner Van Home.

The fact of the ability of the defendant to *notice* the cause for trial, and put it on the calendar, does not preclude him from making a motion to *dismiss the complaint* for unreasonable neglect to proceed with the cause. And where the defendant noticed the cause for three terms, *held*, no answer to such a motion.

Where, looking at the course of the plaintiff's attorney in the most favorable light, it was just possible to hold that his neglect to proceed with the cause had not been unreasonable, he was not allowed to try the cause, except upon payment of *costs*—the whole costs accrued.

*New York Special Term, August*, 1860.

This is a motion to dismiss a complaint for unreasonable neglect to proceed with the cause.

HOFFMAN, Justice. In *Roy* agt. *Thompson*, (1 *Duer*, 636, *November*, 1852,) Mr. Justice BOSWORTH, with the concurrence of all the justices, stated the rule to be, that to entitle a defendant to move a dismissal of the complaint, he was not bound himself to notice the cause for trial, but might make the motion in all cases, where the plaintiff had neglected to bring the cause to trial, according to the course and practice of the court.

At the time of that decision, the 21st rule of the supreme court was in force, and was identical with the present 27th rule. It had been adopted in August, 1852. In August, 1854, it was repealed, and no similar provision adopted. In August, 1858, the former rule was restored. It is as follows :

" Whenever an issue of fact shall have been joined in any action, and the plaintiff therein shall fail to bring the same to trial according to the course and practice of the court, the defendant may move for the dismissal of the complaint with costs. If it be made to appear to the court that the neglect of the plaintiff to bring the action to trial has not been unreasonable, the court shall permit the plaintiff, on payment of costs to bring the said action to trial at the next court where the same is triable."

Under the 27th section of the Code, authorizing a dismissal of the complaint, in case of an unreasonable neglect on the part of the plaintiff to proceed in the cause, under the rule referred to, and the case in our own court before cited, it is plain that the fact of the ability of the defendant to notice the cause and put it on the calendar, does not preclude him from making this motion. If he is not bound to notice it, his actually doing so himself may not clear him. It is the plaintiff's neglect which it is the object of the provisions in question to prevent or punish.

I think, therefore, that the fact of the defendant having noticed the cause for three terms, is not an answer to the present motion, and that the cases holding otherwise do

not form the rule in our court. (*See Moeller* agt. *Bailey*, 14 *Howard*, 359.) It deserves notice that in that case Justice HARRIS notices the repeal of the rule of 1849–1852, now re-adopted in 1858, and decides the case before him mainly on the ground of that repeal.

The affidavit of the defendant's attorney makes out a case within the rule warranting the order.

The plaintiff's attorney shows that he did not put the cause on the calendar for April term, nor file a note of issue ; but he says it was through inadvertence in his office or on the part of his clerk. The clerk refused to put it on the calendar, as no note of issue had been filed. He then commenced to prepare papers for a motion for that purpose, but abandoned it on account of the absence of a witness.

He filed a note of issue with the clerk, for May ; but his note of issue caused it to be placed at the foot of the calendar. It remained in the same wrong position through May and June. The clerk refused to correct it, and omitted to apply to the court for the reason of the absence of a witness, and the intended absence of the plaintiff.

The plaintiff, upon the trial in February, had liberty to withdraw a juror. Some irregularity occurred in placing the cause on the calendar for March. It is not necessary, nor perhaps possible, on the papers to say positively that the plaintiff was in fault.

Looking at the course of the plaintiff's attorney in the most favorable light, it is just possible to hold that his neglect has not been unreasonable. To place a cause on the calendar in a position far below its proper place, and neglect to correct it, is a more serious violation of practice than to omit the act entirely.

I cannot let the plaintiff try his cause, except upon the payment of costs; and these costs I understand to be the whole costs accrued. The 26th rule provides that upon a stipulation, the costs to which the defendant is entitled up

to that time must be offered. The previous clause of the 27th rule speaks of a dismissal of the complaint with costs; and the permission to try at the next court given as matter of favor, " on payment of costs," seems to me to mean the same costs.

The restoration of the rule of 1849, if duly enforced, will be very effectual to render a plaintiff diligent in the prosecution of his action, and relieves a defendant from preparation of a cause and its attendant expense, in a considerable class of cases.

The order will be that the complaint be dismissed, unless the plaintiff, within ten days after service of a copy of this order, and a copy of the costs of the action as adjusted, pay the same to the defendant's attorney. In case of such payment the plaintiff is permitted to bring the cause to trial at the next trial term of this court.

As some doubt has existed upon the practice, no costs are allowed of the present motion.